BANKERS' RESERVE LIFE CO. v.
ELLISON.†

(Court of Civil Appeals of Texas.    Feb. 1,
1911.    Rehearing Denied March 8, 1911.)

1. INSURANCE (§ 675*)—ACTION ON POLICY
—PENALTY AND ATTORNEY'S FEES—CONDI-
TIONS PRECEDENT.

In the absence of proof of demand of pay-
ment of a life policy prior to bringing suit
thereon, plaintiff was not entitled to recover
any penalty or attorney's fees.

[Ed. Note.—For other cases, see Insurance,
Cent. Dig. §§ 1805, 1806; Dec. Dig. § 675.*]

2. APPEAL AND ERROR (§ 843*) — REVIEW —
QUESTIONS CONSIDERED—NECESSITY.

The court, on appeal, will not pass on a
question of want of consideration of a release,
where the evidence shows it was procured by
duress; a verdict being authorized on either
ground.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 3331–3341; Dec. Dig. §
843.*]

Appeal from District Court, McLennan
County; Marshall Surratt, Judge.

Action by Maud Ellison against the Bank-
ers' Reserve Life Company.    From a judg-
ment for plaintiff, defendant appeals.    Re-
formed and affirmed.

Prendergast & Williamson, for appellant.
E. C. Street and Alva Bryan, for appellee.

KEY, C. J.    Appellee brought this suit
against appellant, seeking to recover $1,250,
alleged to be a balance due on a contract of
insurance for $2,500.    She also sought to re-
cover 12 per cent. as damages and $500 at-
torney's fees.

The defendant answered by general de-
murrer, general denial, and a special plea,
alleging that the defendant was not liable
on account of a breach of certain warranties
on the part of the plaintiff's husband, whose
life was insured, and also because of a com-
promise and settlement, wherein the defend-
ant had paid the plaintiff $1,250, and she
had released the defendant from all further
liability.    The plaintiff filed a supplemental
petition, contesting the matters pleaded as a
defense by the defendant, and asserting that
the release pleaded by the defendant was
without consideration, was not the voluntary
act of the plaintiff, but was procured by
duress by an agent of the defendant, who
falsely and fraudulently represented to the
plaintiff that her deceased husband was and
had been addicted to the excessive use of in-
toxicating liquors, and was an habitual
drunkard and sot; that he had represented
to the contrary in his application for insur-
ance, and that for that reason the entire
policy was void, and that if the plaintiff
did not compromise the matter the defend-
ant's physicians and surgeons would, on the
following morning, disinter the remains of
her husband and perform a post mortem ex-
amination thereon; that the representations,

statements, and threats referred to were
made to the plaintiff at her home a very
short time after the death of her husband;
that the plaintiff was a farmer's wife, un-
learned in the law, and had no opportunity
of conferring with an attorney or any one
capable of advising her what to do; that
she was confronted with the alternative of
accepting $1,250 offered by said agent in
settlement of the entire claim, or else suf-
fering the humiliation and disgrace of hav-
ing the remains of her husband disinterred
and a post mortem examination made there-
on by the defendant's surgeons, and that be-
cause of such threat and in order to prevent
that result, she agreed to and did accept the
$1,250 tendered, and executed the release
pleaded by the defendant, although she be-
lieved that the defendant owed her $2,500.
She also alleged that for the reasons stated
her act in accepting the $1,250 and executing
the release was not her voluntary act, and
that the same was null and void.    The de-
fendant filed a supplemental answer, which
contained a general demurrer and numerous
special exceptions to the plaintiff's supple-
mental petition.    It also contained a general
denial.    The plaintiff filed a trial amend-
ment, the contents of which it is not neces-
sary to here state.    The defendant filed a
second supplemental answer, the contents of
which need not be here stated.    There was
a jury trial, which resulted in a verdict and
judgment for the plaintiff for $1,250, togeth-
er with 12 per cent. thereon as damages and
$200 as attorney's fees, and the defendant
has appealed.

The trial court submitted the case to the
jury upon a charge which, except as to pen-
alty and attorney's fees, was substantially
correct and free from objection on the part
of appellant, and for that reason we over-
rule the numerous assignments of error
which complain of the charge and of the re-
fusal of requested instructions, except those
presenting the question of the right to re-
cover penalties and attorney's fees.    As to
the latter, we sustain appellant's contention,
and hold that, as there was no proof of any
demand of payment made upon appellant
prior to bringing the suit, appellee was not
entitled to recover any penalty or attorney's
fees.    In that respect the case is not dis-
tinguishable from Mutual Life Ins. Co. v.
Ford, 130 S. W. 769, and the opinion of Spe-
cial Chief Justice Patterson in that case is
here referred to and approved, as well as the
opinion of Special Chief Justice Harris of
the Supreme Court, which was rendered up-
on the refusal of the writ of error in that
case.

Under several assignments of error coun-
sel for appellant have assailed the verdict
of the jury; the contention being that it is
not supported by testimony.    The court in-
structed the jury that the settlement which

the plaintiff had made with the defendant, and the release she had executed, was binding upon her and would preclude any recovery, unless it was made to appear that there was no consideration therefor, or that the defendant's agent had put the plaintiff in such duress, in the manner pleaded by her, as to render her assent to the settlement and execution of the release an involuntary act on her part, and not an expression of her own free will. That instruction was correct; and we do not know upon which branch of the case the jury based their verdict. But there is testimony in the record which supports the verdict on the theory of duress; and we therefore find as a fact that the evidence sustains the plaintiff's plea of duress. This renders it unnecessary for this court to pass upon the question of want of consideration.

Appellant's brief contains over 100 pages, manifesting great industry and research, and disclosing the fact that every possible defense has been urged in this court, as well as in the court below. It would consume too much time, and unnecessarily delay consideration of other cases pressing for decision, for this court to discuss in detail all of the questions presented in the briefs. Suffice it to say that they have all received consideration in the consultation room, and the conclusion has been reached that no reversible error has been pointed out, except that already adverted to.

That portion of the judgment awarding appellee $150 as a penalty and $200 as attorney's fees will be set aside and reversed, and appellee's recovery limited to $1,250, with 6 per cent. interest thereon from the date of the judgment in the trial court, and, as thus reformed, the judgment will be affirmed.

Reformed and affirmed.